UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-24591-MOORE/Elfenbein

**GLICERIO D. MIRAMBEL JR.**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA**, *et al*,

    Defendant.

_____/

### REPORT AND RECOMMENATION ON MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant United States of America's ("Defendant") Motion to Dismiss *Pro Se* Plaintiff Glicerio D. Mirambel Jr.'s ("Plaintiff") Petition to Quash Summons (the "Motion"). *See* ECF No. [9]. The Honorable K. Michael Moore referred this case to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." ECF No. [6]. For the reasons explained below, I respectfully **RECOMMEND** that the Motion, **ECF No. [9]**, be **GRANTED** and Plaintiff's Petition to Quash Summons, **ECF No. [1]**, be **DISMISSED for lack of subject-matter jurisdiction and as untimely**.

I.    **RELEVANT BACKGROUND**

This action arises from Plaintiff's Petition to Quash Summons ("Petition"), ECF No. [1], wherein Plaintiff takes issue with a summons served on him by the Internal Revenue Service ("IRS") on February 2, 2024 (the "Summons"). *See* ECF No. [1] at ¶12. The Summons, attached to the Petition, pertains to "the matter of *liability of* Glicerio D. Mirambel of 22423 SW 89th Ave, Cutler Bay, FL under 26 USC Secs. 6700, 6701." *See* ECF No. [1] at 29 (emphasis added). The

CASE NO. 24-CV-24591-MOORE/Elfenbein

Summons requires that Plaintiff appear before an IRS Agent to give testimony and to provide certain documents and records associated with the administration or enforcement of internal revenue laws. *See id*. In his Petition filed on November 21, 2024, Plaintiff, "a federally authorized tax practitioner" and "tax return preparer," seeks to quash the Summons by invoking his "right of privilege communication, asserting tax records of the clients in the summons is under the protection of their right (26 U.S. Code § 7525 – Confidentiality privileges relating to taxpayer communications)." *See* ECF No. [1] at ¶¶6, 14. In response to Plaintiff's Petition, on January 14, 2025, Defendant filed the Motion to Dismiss, ECF No. [9], arguing that Defendant has not waived its sovereign immunity and, as such, Plaintiff's Petition should be dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant further notes that the Court previously dismissed Plaintiff's prior petition filed on February 16, 2024 (the "Prior Action") for lack of subject-matter jurisdiction. *See* Order, No. 24-CV-20613-KMW, ECF No. [17] (S.D. Fla. Nov. 5, 2024). Plaintiff's prior petition asserted virtually identical allegations and requested the same relief Plaintiff seeks in the Petition in this matter. *See* Petition, No. 24-CV-20613-KMW, ECF No. [1] (S.D. Fla. Feb. 16, 2024). Defendant alternatively argues the Petition was not timely filed and should be dismissed for this additional reason.

## II.  DISCUSSION

### A. The Court's Jurisdiction to Adjudicate the Petition

Under Federal Rule of Civil Procedure 12(b), a party may move to dismiss a claim on several bases, including "lack of subject-matter jurisdiction." *See* Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

As to subject-matter jurisdiction relating to sovereign immunity, "[i]t is axiomatic that the

United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (footnote call number omitted). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33 (1992) (quotation and other citation omitted). Should the United States make such a waiver, it "has the power to condition a waiver of its immunity as broadly or narrowly as it wishes, and according to whatever terms it chooses to impose." *Zelaya v. United States*, 781 F.3d 1315, 1321-22 (11th Cir. 2015) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Courts must strictly observe the "limitations and conditions upon which the Government consents to be sued" and cannot imply exceptions not present within the terms of the waiver. *Soriano v. United States*, 352 U.S. 270, 276 (1957). If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, a federal court will lack subject-matter jurisdiction over the suit. *See Zelaya*, 781 F.3d at 1322.

Title 26 U.S.C. Section 7609(h) provides a limited waiver of the United States' sovereign immunity, empowering district courts "to hear and determine any proceeding brought under subsection (b)(2)[.]" *Id.* Section 7609(b)(2)(A) gives "any person who is entitled to notice of a summons under subsection (a)" the right to bring a proceeding to quash an administrative summons. *Id.* The parties entitled to notice include anyone "identified in the summons." 26 U.S.C. § 7609(a). However, subsection (c)(2)(A) provides exceptions to the application of the notice requirement stating that "[t]his section shall not apply to any summons — served on the person with respect to whose liability the summons is issued, or any officer or employee of such person." 26 U.S.C. § 7609 (c)(2)(A). "26 U.S.C. § 7609(c)(2)(A) expressly forbids motions to quash that challenge a 'first party' summons—that is, a summons served on 'the person with

respect to whose liability the summons is issued, or any officer or employee of such person.'" *Miccosukee Tribe of Indians of Fla. v. United States*, No. 12-CV-22638-UU, 2013 WL 7728831, at *2 (S.D. Fla. Feb. 11, 2013) (quoting 26 U.S.C. § 7609(c)(2)(A)); *see Clower v. United States*, No. 15-CV-2120-TCB, 2015 WL 9647519, at *2 (N.D. Ga. Dec. 17, 2015).

The Honorable Kathleen M. Williams found in the Prior Action that, "[i]n reviewing the relevant statutory language and jurisprudence, it is clear that the Court lacks subject-matter jurisdiction over this matter." *See* Order at 3, No. 24-CV-20613-KMW, ECF No. [17]. That relevant statutory language and jurisprudence applies with equal force to Plaintiff's Petition, which seeks to quash the same summons at issue in the Prior Action. Plaintiff brings his Petition, again, under 26 U.S.C. § 7609(a)(1) which generally requires that a notice of a summons be issued with respect to "any person (other than the person summoned)."

A review of the Summons attached to the Petition reveals that the Summons was expressly issued with respect to Plaintiff's liability and involves the IRS's investigation into Plaintiff's tax return preparation practices. *See* ECF No. [1] at 29. The IRS served the Summons on Plaintiff to appear before an IRS Agent to give testimony and produce certain documents. *See id*. Pursuant to the statute, when the exception applies, the person identified in the summons is not given notice and has no right to petition to quash. Therefore, in accordance with applicable law, the Court lacks jurisdiction under 26 U.S.C. § 7609(c)(2)(A), and this action must be dismissed for lack of subject-matter jurisdiction. *See Miccosukee*, 2013 WL 7728831, at *2; *Clower*, 2015 WL 9647519, at *2.

B. **26 U.S.C. § 7609(b)(2)(A)'s Limitations Period**

Even if the Court had subject-matter jurisdiction, Defendant has challenged the timeliness of the Petition. The Court now turns to that issue.

The limited and specific grant of federal jurisdiction made in § 7609(b) is time-limited. Qualified individuals initiating proceedings to quash must do so no "later than the 20th day" after receiving notice of the challenged summons. § 7609(b)(2)(A). Should a plaintiff file a petition to quash beyond the 20-day limitations period, the Court will only consider it if the plaintiff shows good cause for the delay. *See Floyd v. Internal Revenue Serv.*, No. 2:18-CV-01516-RDP, 2018 WL 10593640, at *2 (N.D. Ala. Nov. 27, 2018) ("Though the court *has jurisdiction* to entertain [the plaintiff's] one-day-late petition to quash, the court would ordinarily still need to decide whether equitable principles warrant tolling § 7609(b)(2)(A)'s limitations period and excusing [the plaintiff's] late filing." (emphasis added)).

Here, the IRS provided Plaintiff notice of the Summons on February 2, 2024 when two IRS agents hand delivered the Summons at Plaintiff's home. *See* ECF No. [1] at ¶12. Plaintiff filed the instant Petition on November 21, 2024 — 8 months after the IRS provided Plaintiff with notice. *See generally* ECF No. [1]. The Petition, therefore, is untimely on its face.

Although the Government raised this argument in the Motion, Plaintiff did not explain why the Petition was timely under the 20-day limitations period under § 7609(b)(2)(A). Instead, he argued that he filed the Petition within a "reasonable time" and within what he characterizes as a three-year statute of limitations. *See* ECF No. [11] at 4. He does not address why the Court should equitably toll the 20-day limitations period. *See* ECF No. [11]. Giving Plaintiff, a *pro se* litigant, the benefit of the doubt in light of his filing of the Prior Action, the Court notes that Plaintiff still significantly delayed his filing of this action. He filed his Prior Action on April 16, 2024, 14 days after he was served, leaving only six days in the limitations period. S*ee* Petition, No. 24-CV-20613-KMW, ECF No. [1]. Judge Williams granted the Motion to Dismiss in the Prior Action, dismissing and closing the case on May 17, 2024, *see* Order at 1-2, No. 24-CV-20613-KMW, ECF

No. [13], and denied reconsideration on November 5, 2024, *see* Order at 4, No. 24-CV-20613-KMW, ECF No. [17]. Even if the Court equitably tolled the 20-day period for the entire duration of the Prior Action, Plaintiff still waited another 16 days to file the Petition in this case. Adding the time that elapsed between service of the Summons and filing of the Prior Action (14 days) and the time that elapsed between the order denying reconsideration in the Prior Action and the filing of the Petition in this action (16 days), Plaintiff still exceeded the 20-day limitations period provided by statute. Consequently, I find that the instant Petition is untimely and must be dismissed for failure to comply with the timing requirements of the statute.

### III.   CONCLUSION

For the reasons explained above, I respectfully **RECOMMEND** that the Motion to Dismiss, **ECF No. [9]**, be **GRANTED** and that the Petition to Quash Summons, **ECF No. [1]**, be **DISMISSED for lack of subject-matter jurisdiction and as untimely**.

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

CASE NO. 24-CV-24591-MOORE/Elfenbein

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on May 15, 2025.

*[signature: Marty FEb]*

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

**Glicerio D. Mirambel Jr.**
22423 SW 89th Avenue
Cutler Bay, FL 33190
786-901-1392
Email: greenmirambel@yahoo.com
*PRO SE*